**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE FEASTER, | No. 10-16206 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00303-RLH-PAL |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted September 27, 2011 [**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Bruce Feaster appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging that defendant police officers violated his

Fourth Amendment rights in connection with a search of his room.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *ACLU of Nev. v. City of Las Vegas*, 466 F.3d 784, 790 (9th Cir. 2006). We affirm.

The district court properly concluded that Feaster failed to establish a triable dispute as to whether his consent to the search was voluntary, given that, among other considerations, the officers' guns were not drawn, he was detained in a public place for a relatively short time, and he read and signed a consent to search card that conveyed his rights not to have a search conducted without a search warrant and to refuse to consent. *See Liberal v. Estrada*, 632 F.3d 1064, 1082 (9th Cir. 2011) (listing factors relevant to determining voluntariness of the consent to a search); *see also United States v. Mendenhall*, 446 U.S. 544, 558-59 (1980) (knowledge of the right to refuse consent is "highly relevant" in determining whether a consent is valid); *United States v. Watson*, 423 U.S. 411, 424 (1976) (the fact of custody alone is not sufficient to demonstrate coercion); *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1989) ("Execution of a consent form is one factor that indicates that consent was voluntary.").

The district court also properly concluded that there was no triable dispute as to whether the seizure of the items from Feaster's room was permissible where (1) the officers' "arriv[al] at the place from which the evidence could be plainly viewed" was justified under the consent exception to the Fourth Amendment; (2)

the officers had "a lawful right of access" to the seized items, which were located where drug paraphernalia could reasonably be found, and (3) the incriminating character of the items was immediately apparent. *Horton v. California*, 496 U.S. 128, 136-37 (1990) (listing the elements of the "plain view" exception justifying warrantless seizures); *see also Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991) (consensual searches are reasonable, and the search's scope is generally defined by its expressed object); *Texas v. Brown*, 460 U.S. 730, 742 (1983) (probable cause is "a flexible, common-sense standard" requiring merely that the facts available to the officer warrant the reasonable belief that certain items may be contraband or stolen property or useful as evidence of a crime).

Feaster's remaining contentions are unpersuasive.

**AFFIRMED.**